# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JEIKER JOSUE M. Q., | Case No. 26-cv-505 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and KANDIYOHI COUNTY JAIL, | |
| Respondents. | |

Karen Hanson Riebel, **Lockridge Grindal Nauen PLLP, Minneapolis, MN**, for Petitioner.

David R. Hackworthy, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Jeiker Josue M. Q. is a native and citizen of Venezuela who entered the United States in September 2024. ECF No. 6 ¶ 10. After arriving in the United States, Jeiker Josue M. Q. applied for asylum; that application remains pending. ECF No. 10 at 2.

---

[1]   When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents.

Since arriving in the United States, Jeiker Josue M. Q. obtained a work permit and remained law-abiding. ECF No. 6 ¶ 10. He lived with his girlfriend in St. Paul and worked as a delivery driver for DoorDash. *Id.* ¶ 19.

On the morning of December 14, 2025, while Jeiker Josue M. Q. was driving with his girlfriend, his vehicle was pursued and run off the road by United States Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 20. Jeiker Josue M. Q. reports that he was dragged from his vehicle by three ICE agents and was hit in the face by the agents, which ripped off two of the braces on his teeth. *Id.* ¶ 21. Jeiker Josue M. Q. later required medical care while in detention to treat the injuries from that arrest. *Id.*

Jeiker Josue M. Q. remains in ICE custody at the Kandiyohi County Jail in Willmar, Minnesota. *See id.* ¶ 25. Jeiker Josue M. Q. filed a pro se habeas petition on January 21, 2026, ECF No. 1, and later filed an amended petition with the assistance of counsel on February 23, 2026, ECF No. 6. In that amended petition, Jeiker Josue M. Q. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 41. Jeiker Josue M. Q. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* ¶ 44. He also alleges that his warrantless arrest did not comply with the statute and regulations governing warrantless immigration

2

arrests. *See id.* ¶¶ 77–86. Finally, he alleges that he maintains active humanitarian parole and cannot be detained while he maintains that status.[2] *See id.* ¶¶ 87–100.

The Court ordered the Government to respond to Jeiker Josue M. Q.'s amended petition no later than February 26, 2026. ECF No. 7. The Government timely responded, relying on a different mandatory detention provision: 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). ECF No. 8 at 3–7. When a noncitizen "who is arriving in the United States" and is inadmissible under certain statutory provisions indicates "an intention to apply for asylum . . . or a fear of persecution," an asylum officer will conduct an interview with the noncitizen for a credible fear assessment. 8 U.S.C. § 1225(b)(1)(A)(ii). If the asylum officer determines that the noncitizen does not have a credible fear of persecution, then the noncitizen "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

The Court has previously addressed this argument in a similar petition and found it unavailing. *See Jose Daniel R. v. Bondi*, No. 26-cv-1466 (LMP/ECW), ECF No. 8 (D. Minn. Feb. 23, 2026). As explained in *Jose Daniel R.*, 8 U.S.C. § 1225(b)(1) is an expedited removal statute, and "only mandates detention of noncitizens arriving in the

---

[2] The Government offers evidence that Jeiker Josue M. Q.'s humanitarian parole has been terminated. ECF No. 10 at 3. That fact ultimately makes no difference because even if his humanitarian parole had been terminated, all that means is that Jeiker Josue M. Q. must be treated like "a noncitizen who has applied for admission and is already physically present in the United States." *Hernan Jose M. M. v. Easterwood*, No. 26-cv-481 (LMP/DTS), ECF No. 18 at 19 (D. Minn. Feb. 27, 2026). Therefore, at most, Jeiker Josue M. Q. would be subject to detention under 8 U.S.C. § 1226(a), a provision that the Government does not invoke here.

United States during the pendency of expedited removal proceedings and the credible fear interview and review process." *Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 68–69 (D.N.H. 2025); *see Portillo-Argueta v. Simon*, No. 1:25-cv-2285 (AJT-WEF), 2026 WL 184194, at *4 (E.D. Va. Jan. 23, 2026). But, like the petitioner in *Jose Daniel R.*, Jeiker Josue M. Q. is not in expedited removal proceedings; he is in standard removal proceedings under 8 U.S.C. § 1229a. ECF No. 9 ¶ 7.

Moreover, there is no evidence that Jeiker Josue M. Q. has actually undergone the "credible fear interview and review process." *Jimenez*, 799 F. Supp. 3d at 68–69. Recall that a noncitizen may be detained under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) only if they have (1) undergone a credible fear interview, 8 U.S.C. § 1225(b)(1)(A)(ii), and (2) have been found not to have a credible fear of persecution, 8 U.S.C. § 1225(b)(1)(B)(iii)(I). The Government provides no evidence that Jeiker Josue M. Q. was afforded a credible fear interview, nor is there any evidence that the Government has determined that he lacks a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(iii). Indeed, if an asylum officer determines that a noncitizen lacks a credible fear of persecution, the officer is required to "prepare a written record of a determination," which must include a "summary of the material facts as stated by the applicant, such additional facts (if any) relied upon by the officer, and the officer's analysis of why, in the light of such facts, the alien has not established a credible fear of persecution." 8 U.S.C. § 1225(b)(1)(B)(iii)(II). The Government does not furnish any such written record, compelling the conclusion that 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) does not apply to Jeiker Josue M. Q.

The Government makes a last-ditch effort to justify Jeiker Josue M. Q.'s detention under 8 U.S.C. § 1225(b)(2), arguing that because he is applying for asylum, he is an "applicant for admission" who is "seeking admission" under Section 1225(b)(2). ECF No. 8 at 4–6. The Court has rejected that argument before, *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025), and it rejects it again here. And because the Government does not attempt to justify Jeiker Josue M. Q.'s detention on any other basis, Jeiker Josue M. Q. is entitled to habeas relief and release from detention.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Jeiker Josue M. Q.'s Amended Petition for Writ of Habeas Corpus (ECF No. 6) is **GRANTED**;

2. The Government is **ORDERED** to release Jeiker Josue M. Q. from custody in Minnesota, without conditions and with all personal property, by no later than **5:00 p.m. on Saturday, February 28, 2026**;

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **Monday, March 2, 2026**; and

4. If the Government seeks to impose conditions of release on Jeiker Josue M. Q. or to retain Jeiker Josue M. Q.'s property, the Government's status report must include: (a) the conditions imposed or the property retained; and

(b) the legal basis on which the conditions are imposed or the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 27, 2026              *s/Laura M. Provinzino*
                                                   Laura M. Provinzino
                                                   United States District Judge